IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-463-D

ROSCOE DAVIS, JR.,                        )
                                          )
        Plaintiff,                        )
                                          )
    v.                                    )          **ORDER ON MOTION**
                                          )          **FOR BILL OFCOSTS**
CAPITAL READY MIX CONCRETE, LLC,          )
and ARTHUR KENNEDY,                       )
                                          )
        Defendant.                        )

This matter is before the clerk on the motion for bill of costs [DE-55] filed by defendants

Capital Ready Mix Concrete, LLC and Arthur Kennedy. Plaintiff has failed to respond in opposition.

For the reasons set forth below, the motion is GRANTED in part.

**BACKGROUND**

On November 7, 2023, the court granted defendants' motion for summary judgment and

entered judgment in favor of defendants. Defendants timely filed the motion for bill of costs [DE-55]

on December 7, 2023.

**DISCUSSION**

Defendants seek costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R.

Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—

other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess

only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S.

291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded

on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of

recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678,

at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendant seeks recovery of $2,849.34 in costs from plaintiff for fees for the transcripts obtained for use in the case, pursuant to 28 U.S.C. §.1920(2).

The clerk has reviewed the motion and supporting documentation, and finds that as the prevailing party, defendants are entitled to an award of costs. Defendants' request for fees for transcripts, however, includes fees for exhibit copies, a litigation package, and logistics and processing, in the total amount of $108.80. This court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing those charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, the clerk may not tax costs encompassing the fees for these items. Defendants' motion for bill of costs [DE-55] is granted in part with defendants' fees in the amount of $2,740.54 taxed against plaintiff pursuant to 28 U.S.C. § 1920(2).

## CONCLUSION

In summary, defendants' motion for bill of costs [DE-55] is GRANTED in part. Costs in the amount of $2,740.54 are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the _3_ day of January, 2024.

Peter A. Moore, Jr.
Clerk of Court

2